**LIPPMAN'S, Inc., v. HEINER, Collector of Internal Revenue.**

**No. 6016.**

District Court, W. D. Pennsylvania.

May 9, 1930.

Sachs & Caplan, of Pittsburgh, Pa., for plaintiff.

John D. Meyer, U. S. Atty., and John A. McCann, Sp. Atty., both of Pittsburgh, Pa., for defendant.

SCHOONMAKER, District Judge.

This is an action to recover $8,529.72 with interest, alleged to have been erroneously collected from the plaintiff on jewelry leased by the plaintiff under the ordinary form of lease or bailment effective in Pennsylvania for the leasing of personal property. There are no facts in dispute. The plaintiff leased jewelry to bailee in Pennsylvania, on which the government collected the tax here sought to be recovered. This tax was computed on the basis that the tax attached upon the leasing of the jewelry for the total rental price irrespective of whether or not that rental was actually collected by the plaintiff. If the plaintiff is legally required to pay tax only on the amount of rental installments collected on the bailment lease in Pennsylvania, then the plaintiff would be entitled to recover in the instant case. A jury trial was waived and the case heard before the court without a jury.

The plaintiff contends that under the statute the tax only applies to paid portions of the rental. The government contends that under the statute the tax is due upon the execution of the lease agreement irrespective of whether or not the rentals are paid.

The statute involved is section 604(a) of the Revenue Act of 1924 (26 USCA § 886 note), which we quote:

"604 (a) On and after the expiration of thirty days after the enactment of this Act there shall be levied, assessed, collected, and paid * * * upon all articles commonly * * * known as jewelry * * * and binoculars; upon any of the above when sold or leased by or for a dealer or his estate for consumption or use, a tax equivalent to 5 per centum of the price for which so sold or leased."

In connection with this act, the Treasury Department has also issued Regulation 48 (August, 1924), affecting sections 603, 604, of the Revenue Act of 1924 (26 USCA § 885, and § 886 note), providing in article 4 as follows:

"Art. 4. *When Tax Attaches.*—In the case of a sale the tax attaches when the title to the article passes from the vendor to the purchaser. When title passes is a question of fact, dependent upon the intention of the parties as gathered from the contract of sale and the attendant circumstances. Where goods are segregated from other goods owned by the vendor and it is the intention of both the vendor and the purchaser at the time the goods are segregated that they shall then belong to the purchaser, the title will be presumed to pass at such time. In the absence of any intention to the contrary, the title is presumed to pass upon delivery of the article to the purchaser or to a carrier for the purchaser."

"In the case of a conditional sale, where the title is reserved until payment of the purchase price in full, the tax attaches (a) upon such payment, or (b) when title passes if before completion of the payments, or (c) when, before completion of the payments, the dealer disposes of the sale by charging off by any method of accounting he may adopt the unpaid portion of the contract price, or (d) when the vendor discounts the notes of the purchaser for cash or otherwise, or (e) when the vendor transfers his title in the article sold to another.

"In the case of a lease, which includes a so-called conditional sale agreement purporting to be a lease, the tax attaches upon the total amount payable under the instrument upon the execution thereof and delivery of the article to the so-called lessee or to a carrier therefor."

This statute and these regulations need no finespun construction. The plain words used by Congress clearly indicate that the tax attaches when the property is leased.

The plaintiff has argued very ingenuously that the word "when" as used in this act means "if." We cannot so construe the act. Even if the word "when" did mean "if," it would not change the construction of the statute one whit, because the tax would still be due if it read "when leased" or "if leased."

Counsel for the plaintiff has also asked us to apply to this leasing the regulation which applies with reference to sale of goods on conditional sale contracts. We cannot do so, because the statute itself specifically uses the word "lease" and provides distinctly that the tax attaches when the property is leased; to give the construction which the plaintiff desires would go directly contrary to the words of the statute.

We note in this connection that the Circuit Court of Appeals of the Ninth Circuit, in considering conditional sale contracts there, held that notwithstanding the regulation to which we have reverted, the tax attached upon the delivery of the merchandise sold. Carter v. Slavick Jewelry Co., 26 F. (2d) 571, 58 A. L. R. 1043.

The defendant's motion for judgment must be granted. Let an order be submitted accordingly.