KLIVANS, Inc., v. ROUTZAHN, Collector of Internal Revenue.

No. 16182.

District Court, N. D. Ohio, E. D.

June 24, 1931.

JONES, District Judge.

A jury was waived by written stipulation of the parties, and the case tried and submitted to the court. Upon due consideration, the defendant's motion for judgment will be sustained. Upon request, findings of fact and conclusions of law have been entered.

■ The plaintiff had the right to sell its merchandise under any form of valid agreement. It chose to call its contract a lease, and no sound reason is advanced for taking it out of that category. Ohio being a state where conditional sales contracts, rather than leases, are the customary instruments employed for such purposes, it is reasonable to infer and conclude that plaintiff for some reason preferred the lease. The fact that the contract may have some of the characteristics of a conditional sale agreement does not require that it be construed to be one, if by its terms it may be held to be a lease. Klivans knew the difference, and also understood when the tax attached under a conditional sales agreement. (Transcript of testimony, pages 5 and 6.) Why he chose to adopt a lease, in view of such knowledge, is not clearly understood, even if it could be concluded that the deputy collector expressed a favorable opinion.

■ The agreement clearly purports to be a lease, and, under article 4 of Regulation 48, promulgated by the Commissioner under authority of the Revenue Act of 1924 (26 US CA § 1245 and note), the articles of merchandise sold under such agreement were taxable upon execution of the contract and delivery of the articles to the purchaser. Under the statute (43 Stat. 322, § 600 et seq. [26 USCA § 881 note, and § 882 et seq.]) the tax was to be imposed and paid upon the specified articles, when sold or leased. The fact is that it may be said, with cogent reason, that the tax attaches upon execution of the instrument and delivery of the property in any kind of sale or lease.

The statement of the Senate Finance Committee with reference to the purpose of inserting the word "lease" in the 1924 Revenue Act lends support to the decision in Carter v. Slavick Jewelry Company, that the tax attaches upon a conditional sale when entered into. (C. C. A.) 26 F.(2d) 571, 58 A. L. R. 1043; Lippman's, Inc., v. Heiner (D. C.) 41 F.(2d) 556 and Id. (C. C. A.) 46 F. (2d) 1016.

■ Assuming, but not concluding, that the revenue officer expressed a favorable opinion of the contract, the chief field deputy collector was not authorized to determine what form of contract would avoid the payment of the whole excise tax upon execution and delivery of the articles. And even if it might be thought that he had such authority, in a suppositious instance, his mistake of law would be subject to correction. The deputy collector would have no more authority to determine the propriety of a submitted contract as fulfilling or avoiding the requirements of the law than would the Attorney General, for instance, have the authority to determine in advance, by opinion to private parties, what conduct or agreements would or would not offend the laws of the United States. The United States cannot be bound by a mistaken view of the law by its agents.